UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH ROGERS,

              Plaintiff,

     v.

EXECUTIVE OFFICE FOR UNITED
STATES ATTORNEYS,

              Defendant.

Civil Action No. 25-2866 (CRC)

**<u>MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF</u>**

# TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Background ......................................................................................................................... 1

    I.    FOIA Request ....................................................................................... 1

    II.    EOUSA's Search and Production ......................................................... 1

    III.    Procedural History .............................................................................. 3

Legal Standards .................................................................................................................. 3

    I.    Summary Judgment ............................................................................ 3

    II.    FOIA Standards ................................................................................. 4

Argument ............................................................................................................................ 5

    I.    Defendant Conducted an Adequate Search for Responsive Records. ................... 5

    II.    Production of the Signature Would Constitute a Clearly Unwarranted Invasion of Personal Privacy ........................................................................................ 7

        A.    The Redaction is Appropriate. .................................................. 8

        B.    EOUSA Produced the Reasonably Segregable Information.................... 10

Conclusion ......................................................................................................................... 11

# TABLE OF AUTHORITIES

*ACLU v. Dep't of Homeland Sec.,
   738 F. Supp. 2d 93 (D.D.C. 2010) ........................................................................ 6

Alford v. Collins,
   Civ. A. No. 22-2856 (RBW), 2025 U.S. Dist. LEXIS 221421 (D.D.C. Nov. 10, 2025) .................. 11

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986) ..................................................................................... 3, 4

Armstrong v. Exec Office of the President,
   97 F.3d 575 (D.C. Cir. 1996) ............................................................................ 10

Calderon v. Dep't of Agric.,
   236 F. Supp. 3d 96 (D.D.C. 2017) ....................................................................... 8-9

Canning v. Dep't of Just.,
   567 F. Supp. 2d 104 (D.D.C. 2008) ....................................................................... 10

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986) ....................................................................................... 3

CIA v. Sims,
   471 U.S. 159 (1985) ....................................................................................... 4

Dep't of the Air Force v. Rose,
   425 U.S. 352 (1976) ....................................................................................... 8

*Dep't of Just. v. Reporters Comm. for Freedom of the Press,
   489 U.S. 749 (1989) .................................................................................... 7, 8

*Dep't of State v. Wash. Post Co.,
   456 U.S. 595 (1982) ....................................................................................... 7

Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.,
   384 F. Supp. 2d 100 (D.D.C. 2005) ........................................................................ 9

Howard v. U.S.,
   435 F. Supp. 3d 198 (D.D.C. 2020) ........................................................................ 9

John Doe Agency v. John Doe Corp.,
   493 U.S. 146 (1989) ....................................................................................... 4

Judicial Watch, Inc. v. FDA,
   449 F.3d 141–53 (D.C. Cir. 2006) ......................................................................... 8

*Lepelletier v. FDIC,
   164 F.3d 37 (D.C. Cir. 1999) ............................................................................. 7

*Liberation Newspaper v. Dep't of State,
   80 F. Supp. 3d 137 (D.D.C. 2015) ......................................................................... 6

*Long v. ICE,*
    279 F. Supp. 3d 226 (D.D.C. 2017) ............................................................... 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    475 U.S. 574–88 (1986) .............................................................................. 4

*McGehee v. CIA,*
    697 F.2d 1095 (D.C. Cir. 1983) ................................................................... 5

*Military Audit Project v. Casey,*
    656 F.2d 724 (D.C. Cir. 1981) ..................................................................... 5

*Neal v. Kelly,*
    963 F.2d 453 (D.C. Cir. 1992) ..................................................................... 3

*Niskanen Ctr., Inc. v. Dep't of Energy,*
    328 F. Supp. 3d 1 (D.D.C. 2018) ................................................................. 6

*Oglesby v. Dep't of Army,*
    920 F.2d 57 (D.C. Cir. 1990) ....................................................................... 6

*Ortiz v. Dep't of Just.,*
    67 F. Supp. 3d 109 (D.D.C. 2014) ............................................................... 5

*Petroleum Info. Corp. v. Dep't of Interior,*
    976 F.2d 1429 (D.C. Cir. 1992) ................................................................... 4

*Reed v. NLRB,*
    927 F.2d 1249 (D.C. Cir. 1991) ................................................................... 8

*Schoenman v. FBI,*
    575 F. Supp. 2d 136 (D.D.C. 2008) ......................................................... 9, 10

*Sussman v. U.S. Marshals Serv.,*
    494 F.3d 1106 (D.C. Cir. 2007) ............................................................. 10, 11

*Wash. Post Co. v. Dep't of Health & Human Servs.,*
    690 F.2d 252 (D.C. Cir. 1982) ..................................................................... 7

*Watkins Law & Advoc., PLLC v. U.S.,*
    78 F.4th 436 (D.C. Cir. 2023) ................................................................... 6-7

*Wolf v. CIA,*
    473 F.3d 370 (D.C. Cir. 2007) ..................................................................... 5

*WP Co. LLC v. CIA,*
    Civ. A. No. 22-01138 (RC), 2024 U.S. Dist. LEXIS 39830 .......................... 9

**Statute**

5 U.S.C. § 552 ................................................................................... 4, 7, 8, 10

Pursuant to Federal Rule of Civil Procedure 56, Defendant Executive Office for U.S. Attorneys ("EOUSA") respectfully files its Motion for Summary Judgment in this Freedom of Information Act ("FOIA") matter.

## BACKGROUND

### I.    FOIA Request

EOUSA received a FOIA request from Plaintiff Keith Rogers on June 9, 2025. Declaration of Kara Hollingsworth ¶ 5, Exh. 1 to Defendant's Motion for Summary Judgment (hereinafter "Decl."). The request seeks appointment affidavits reflecting the oath of office for seven individuals: three identified as Assistant U.S. Attorneys ("AUSAs"), one identified as "Magistrate Judge," and three identified as D.C. Superior Court personnel. Compl., Exh. A; Decl. ¶ 6.

An appointment affidavit, sometimes called an "Oath of Office," is an official record documenting the swearing-in of a new federal Department of Justice appointee. Decl. ¶ 8. The document records the individual's affirmance of the oath of office, confirming that the appointee is not taking certain anti-government actions and has not paid for the appointment. *Id*.

### II.    EOUSA's Search and Production

EOUSA requested that the United States Attorney's Office for the District of Columbia ("USAO-DC") conduct a search for the Appointment Affidavits of the individuals identified as AUSAs in Washington, D.C.: Sylvia Gonzalez, Cellillianne Green, and Peter Smith. *Id.* ¶¶ 9-10. The other named individuals are identified in the request as a magistrate judge or as employees of the Superior Court. *Id.* ¶ 10. EOUSA does not possess any records of magistrate judges or employees of the Superior Court. *Id.*

USAO-DC searched a database called the Human Resources Database, the system of record where it stores appointment affidavits. *Id.* ¶ 11. USAO-DC returned one responsive record,

an affidavit for Peter Smith, which was released in part to Plaintiff on February 2, 2026. *Id.* ¶ 12.[1] In releasing the record, EOUSA redacted only Mr. Smith's signature, pursuant to FOIA Exemption 6 for personnel records. *Id.* ¶ 18.

EOUSA initially requested that USAO-DC search its database because records pertaining to, or in the custody of, a particular AUSA are generally housed at the specific USAO where that employee conducted government business. *Id.* ¶ 14. Additionally, the request itself referred to the USAO-DC; thus, it was the most appropriate District to conduct a search for responsive records. *Id.*

To broaden the search, EOUSA also requested that EOUSA's Personnel Office conduct a search for appointment affidavits of Sylvia Gonzalez and Cellillianne Green, as well as a search under the spelling Celilliane Green. *Id.* ¶ 15. EOUSA's Personnel Office did not locate any records through these searches. *Id.* USAO/EOUSA does not maintain appointment affidavits in any other system of record or in any paper files. *Id.* ¶ 16. According to EOUSA's Personnel Office, when no results are yielded in the personnel file under a name search, it is likely because the individual no longer works for the U.S. Attorney's Office. *Id.*

The Department redacted the employee signature on the appointment affidavit that it located. *Id.* ¶ 21. AUSA signatures and credentials have been misused in various fraudulent and unethical schemes, ranging from attorney misconduct to outright criminal impersonation, often designed to mislead clients, courts, or investors. *Id.* ¶ 23. Thus, this individual has a privacy interest in maintaining the signature's confidentiality.

---

[1]    Plaintiff informed EOUSA, through counsel, that he did not receive the response, and EOUSA re-sent the response on February 11, 2026.

### III.  <u>Procedural History</u>

Plaintiff filed his one-count Complaint on August 29, 2025, alleging violations of FOIA (ECF No. 1). On February 19, 2026, Plaintiff served a Motion to Take Judicial Notice and Motion for In Camera Review. This Court struck these motions, without prejudice, given that the issues raised in the motions are likely to be litigated in this summary judgment process. Minute Order (February 25, 2026).

EOUSA now submits its summary judgment motion, as the material facts not in genuine dispute demonstrate that EOUSA has conducted an adequate search in response to Plaintiff's FOIA request, and the single redaction on the record produced falls squarely within Exemption 6, the personal privacy exemption.

Plaintiff, who is proceeding *pro se*, should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); and LCvR 7.1.

<strong>LEGAL STANDARDS</strong>

### I.  <u>Summary Judgment</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is solely appropriate when the moving party shows there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in showing there is no genuine issue of fact. If the moving party has met its burden, the nonmoving party cannot rely upon "mere allegation or

denials of his pleading" in opposing the motion. The party must rather "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Summary judgment therefore is solely appropriate if the moving party has presented evidence "from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." *Id.* at 257.

When determining whether summary judgment is appropriate, the court must view the record in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *see also Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing Fed. R. Civ. P. 56(c)) ("Summary judgment is in order where, viewing the record in the light most favorable to the non-moving party, the court finds that there remains no 'genuine issue as to any material fact.'").

## II.    FOIA Standards

FOIA requires federal agencies, upon request, to "make the records promptly available to any person" who "(i) reasonably describes" the requested records and makes the request "(ii) in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(3)(A). FOIA's "basic purpose" reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citation omitted). "Congress recognized, however, that public disclosure is not always in the public interest." *CIA v. Sims*, 471 U.S. 159, 166-67 (1985). In passing FOIA, "Congress sought to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." *John Doe Agency*, 493 U.S. at 152 (citation and internal quotation marks omitted).

"FOIA cases typically are resolved on a motion for summary judgment." *Ortiz v. Dep't of Just.*, 67 F. Supp. 3d 109, 116 (D.D.C. 2014). Although the agency bears the burden of proof, "[t]he Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). The agency's affidavits or declarations need to be reasonably detailed and non-conclusory. *See McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (internal quotations omitted).

## ARGUMENT

EOUSA's search method was reasonably calculated to locate all responsive documents, and the single redaction was appropriate under FOIA Exemption 6. As such, the Court should grant EOUSA's motion for summary judgment.

## I.    Defendant Conducted an Adequate Search for Responsive Records.

EOUSA engages in a multi-step process to search for and produce responsive documents when a FOIA request is submitted and did so here. At the outset, EOUSA determines the appropriate program office for a given FOIA request, provides the FOIA point of contact within the relevant office with a copy of the FOIA request, and instructs them to conduct a search for responsive records. Here, the Agency determined that USAO-DC was the office likely to have responsive records. *Id.* ¶ 14. USAO-DC searched a database called the Human Resources Database, the system of record where it stores appointment affidavits. *Id.* ¶ 11. USAO-DC returned one responsive record, an affidavit for Peter Smith, which was released in part to Plaintiff on February 2, 2026. *Id.* ¶ 12. EOUSA's Personnel Office then searched for appointment affidavits under the names and spellings Sylvia Gonzalez, Cellillianne Green, and Celilliane Green. *Id.* ¶ 9.

The detailed declaration submitted with this motion describes the search with reasonable detail and confirms that the search method was reasonably calculated to uncover all relevant documents. *See Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). USAO-DC or EOUSA's Personnel Office were likely to have responsive information and searched the location where it stores this record type. The declaration describes with specificity who conducted the searches (USAO-DC, Decl. ¶ 11 and EOUSA's Personnel Office, *id.* ¶ 15); how the office conducted the searches (searching the electronic files likely to contain responsive records, *id.*); where they searched (in the record system that stores the record type, *id.*); and what they searched for (the appointment affidavits, including searching under one name with two spellings, *id.* ¶¶ 10, 11, 15).

The adequacy of an agency's search is judged by a standard of reasonableness and depends upon the specific facts. *Niskanen Ctr., Inc. v. Dep't of Energy*, 328 F. Supp. 3d 1, 3 (D.D.C. 2018); *Liberation Newspaper v. Dep't of State,* 80 F. Supp. 3d 137, 144 (D.D.C. 2015); *ACLU v. Dep't of Homeland Sec*., 738 F. Supp. 2d 93, 105 (D.D.C. 2010) (search adequate where ICE only searched some of its e-mail databases instead of its entire e-mail system). Indeed, "[t]here is no requirement that an agency search every record system" in which responsive documents might conceivably be found. *Oglesby,* 920 F.2d at 68.

The search must reflect a "systematic approach to document location." *Liberation Newspaper,* 80 F. Supp. 3d at 144. Here, Defendants store appointment affidavits in the Human Resources Database. Decl. ¶ 11. USAO-DC searched this location, and EOUSA's Personnel Office searched as well; therefore, the declaration describes a search using a systematic approach to document location.

Adequacy "is generally determined not by the fruits of the search, but the appropriateness of the methods used to carry out the search." *Watkins Law & Advoc., PLLC v. U.S.*, 78 F.4th 436, 444 (D.C. Cir. 2023) (quoting *Ancient Coin Collectors Guild v. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (finding a search adequate based on search descriptions in government affidavits over plaintiff's objections where the search turned up only a single record in a seven-year period). Reasonably detailed affidavits explaining "the scope and method of the search" demonstrate compliance with FOIA. *Wolf v. CIA*, 569 F. Supp. 2d 1, 6-7 (D.D.C. 2008). Declarant Kara Hollingsworth's description of EOUSA's search satisfies that standard. As of the date of this filing, Plaintiff has not provided any evidence that EOUSA's search was inadequate.

For these reasons, EOUSA's search for documents responsive to Plaintiff's requests was reasonable and adequate.

## II.    Production of the Signature Would Constitute a Clearly Unwarranted Invasion of Personal Privacy.

Title 5 U.S.C. § 522(b)(6) allows the government to withhold information about individuals in "personnel and medical and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(6). An agency may protect personal information under Exemption 6 so long as the record is maintained in a government file and "applies to a particular individual." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999) ("The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual."). This threshold "ensures that FOIA's protection of personal privacy is not affected by the happenstance of the type of agency record in which personal information is stored." *Wash. Post Co. v. Dep't of Health & Human Servs.*, 690 F.2d 252, 259 (D.C. Cir. 1982).

The Supreme Court adopted a broad construction of the privacy interests protected by Exemption 6. *Dep't of Just. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989). The Court rejected "a cramped notion of personal privacy" under FOIA exemptions and emphasized that "[p]rivacy is the claim of individuals . . . to determine for themselves when, how, and to what extent information about them is communicated to others." *Id.* at 764 (citation omitted).

Exemption 6 requires an agency to balance an individual's right to privacy against the public's interest in disclosure. *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976). The agency determines whether disclosure of the information threatens a protectable privacy interest, and if so, the agency must weigh that privacy interest against the public interest in disclosure, if any. *See Reed v. NLRB*, 927 F.2d 1249, 1251 (D.C. Cir. 1991).

Courts generally follow a two-step process when considering withholdings or redactions pursuant to Exemption 6. First, the Court determines whether the records are the type of personnel, medical, or similar files that the exemption covers. *Long v. ICE*, 279 F. Supp. 3d 226, 243 (D.D.C. 2017) (citing *Am. Immigr. Lawyers Ass'n v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667, 673 (D.C. Cir. 2016)). Second, if the records are of the type covered by the exemption, the Court proceeds to determine whether their disclosure "would constitute a clearly unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552(b)(6); *see also Rose*, 425 U.S. at 382.

## A.    The Redaction is Appropriate.

Here, the record is a classic "personnel record," as it pertains to the employment of an individual employee. EOUSA redacted only the signature of the relevant employee. Decl. ¶ 18. The signature of a federal employee is the type of information that is eligible for withholding under Exemption 6. Although Exemption 6 "does not categorically exempt individuals' identities" from disclosure, it has been construed broadly enough to allow an agency "to exempt not just files, but

also bits of personal information, such as names and addresses," provided the disclosure "would create a palpable threat to privacy." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 152–53 (D.C. Cir. 2006) (alteration adopted) (internal quotation marks omitted); *accord Calderon v. Dep't of Agric.*, 236 F. Supp. 3d 96 (D.D.C. 2017) (explaining that the threshold for applying Exemption 6 is met if the information "applies to a particular individual" (quoting *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982))). The fact that an individual is a federal employee does not change that analysis. *See, e.g., Schoenman v. FBI*, 575 F. Supp. 2d 136, 160 (D.D.C. 2008); *Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 116 (D.D.C. 2005).

In this matter, EOUSA has not withheld the employee's identity; it only withheld the employee's signature. The individual whose information was withheld has significant privacy interests in his personal signature, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Courts in this District have concluded that there is a "'substantial privacy interest . . . in the protection of . . . hand-written signatures.'" *WP Co. LLC v. CIA*, Civ. A. No. 22-01138 (RC), 2024 U.S. Dist. LEXIS 39830, at *30 n.4 (citing *James v. Dep't of Just.*, Civ. A. No. 19-00513, 2020 U.S. Dist. LEXIS 40260, at *4 (D.D.C. Mar. 9, 2020) (collecting cases)); *see also Howard v. U.S.*, 435 F. Supp. 3d 198, 205 (D.D.C. 2020) ("redaction of the signatures is hardly controversial").

No public interest is served by disclosing the signature of a federal employee, as opposed to the document's substance, because knowledge of the signature itself would not significantly increase the public's understanding of EOUSA's operations and activities when the substance of the underlying record, including the name of the employee, is disclosed.  Moreover, foreseeable harm would occur if the signature is released.  Specifically, EOUSA is aware that AUSA signatures

and credentials have been misused in various fraudulent and unethical schemes, ranging from attorney misconduct to outright criminal impersonation, often designed to mislead clients, courts, or investors. Decl. ¶ 23.

Although disclosure of information that sheds light on an agency's performance of its statutory responsibilities furthers FOIA's purpose, information that does not reveal such information does not further the statutory purpose. *Schoenman v. FBI*, 575 F. Supp. 2d 136, 161 (D.D.C. 2008). In the face of a legitimate privacy interest in nondisclosure and the absence of any countervailing public interest in disclosure, EOUSA has demonstrated that it properly withheld the federal employee's signature. *See id.* (where the defendant had identified a slightly-greater-than-de minimis privacy interest and the court found no public interest existed, "something, even a modest privacy interest[,] outweighs nothing every time" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

Plaintiff cannot demonstrate any public interest that would outweigh the privacy interest in the employee's signature established here. *See* Decl. ¶ 24.

### B.    EOUSA Produced the Reasonably Segregable Information.

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Just.*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). Here, EOUSA

examined the responsive document to determine whether any reasonably segregable information could be released and then provided reasonably segregable portions of the record to Plaintiff. Decl. ¶ 18. Specifically, it released the majority of the document, only redacting the signature where, based upon the review, the release of the signature would be an unwarranted invasion of personal privacy when balanced against the public interest. *Id*. ¶¶ 18-24. EOUSA properly applied Exemption 6, which squarely covers the redacted material, to protect certain information in the responsive document in this case, as described above. Therefore, based on the declaration, the Court should conclude that EOUSA has provided an adequate explanation demonstrating that it released all reasonably segregable information relating to the redaction effected pursuant to FOIA Exemption 6. *See Alford v. Collins*, Civ. A. No. 22-2856 (RBW), 2025 U.S. Dist. LEXIS 221421, at \*33-34 (D.D.C. Nov. 10, 2025).

## CONCLUSION

EOUSA conducted a reasonable and adequate search for records, and its redaction of an employee's signature is appropriate under FOIA's Exemption 6. Thus, the Court should grant EOUSA's motion for summary judgment.

Dated: March 16, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  _____ */s/ Allison I. Brown* _____
    ALLISON I. BROWN
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    202-252-7822
    allison.brown2@usdoj.gov

    *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH ROGERS,

            Plaintiff,

     v.

EXECUTIVE OFFICE FOR UNITED
STATES ATTORNEYS,

          Defendant.

Civil Action No. 25-2866 (CRC)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's Motion for Summary Judgment, and the entire record herein, it is hereby

ORDERED that Defendant's Motion for Summary Judgment is GRANTED, and it is further

ORDERED that summary judgment is ENTERED in favor of Defendants on Count I of Plaintiff's Complaint, and it is further

ORDERED that all claims in Plaintiff's Complaint having been adjudicated, this case is CLOSED.


SO ORDERED:


_____
Date                                         CHRISTOPHER R. COOPER
                                           United States District Judge

## CERTIFICATE OF SERVICE

I, Allison I. Brown, caused the foregoing Defendant's Motion for Summary Judgment to be

served via U.S. Postal Service, First Class Mail, with postage prepaid, and by email, to:

Keith Rogers
1817 M Street NE
Washington, DC 20002
Email: keithrogers211@gmail.com


Pro se Plaintiff


*/s/ Allison I. Brown*
ALLISON I. BROWN
601 D Street, NW
Washington, DC 20530
(202) 252-7822
Allison.brown2@usdoj.gov
